# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF VIRGINIA

## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| J.F., an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HOSPITALITY INTERNATIONAL INC.; AND G6<br>HOSPITALITY, LLC,<br><br>    Defendants. | Case No.  3:19CV00076<br><br>**DEFENDANT G6 HOSPITALITY,<br>LLC'S ANSWER TO<br>COMPLAINT** |

Defendant G6 Hospitality, LLC ("Defendant") hereby answers Plaintiff J.F.'s ("Plaintiff")

Complaint as follows:

## INTRODUCTON

1.  G6 denies all of the allegations of paragraph 1 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 as they pertain to any other hospitality companies and, on that basis, denies them.

2.  G6 denies all of the allegations of paragraph 2 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 as they pertain to defendant Hospitality International, Inc. ("Hospitality International")  and, on that basis, denies them.

3.  G6 admits that Plaintiff has filed this action seeking damages under the TVPRA, among other theories.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and, on that basis, denies them.

4.  G6 denies all of the allegations in paragraph 4 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of

289290547.3

the remaining allegations in paragraph 4 and, on that basis, denies them.

5.      G6 admits that Plaintiff has filed this action seeking damages under 18 U.S.C. § 1595, among other theories.  Except as expressly admitted, G6 denies all of the allegations of paragraph 5 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 as they pertain to Hospitality International and, on that basis, denies them.

6.      G6 denies all of the allegations in paragraph 6 as they pertain to G6. Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 and, on that basis, denies them.

7.      Paragraph 7 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 7 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 as they pertain to Hospitality International and, on that basis, denies them.

8.      Paragraph 8 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that Plaintiff brings this action pursuant 18 U.S.C. § 1595, among other theories.  Except as expressly admitted, G6 denies all of allegations in paragraph 8 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 as they pertain to Hospitality International and, on that basis, denies them.

## PARTIES

9.      The allegations in paragraph 9 consist of legal conclusions to which no response is required.  To the extent a response is required, G6 admits that Plaintiff is seeking to proceed under her initials, J.F. Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.     Paragraph 10 (including all subparts) consists of allegations directed towards Hospitality International to which no response is required.  To the extent a response is required,

289290547.3

G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 (including all subparts) and, on that basis, denies them.

11.     G6 admits that it is a Delaware limited liability company headquartered in Carrollton, Texas and that it may be served through its registered agent for service of process at 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234. G6 admits that Motel 6® is one of the largest hotel brands in the world, but G6 denies that it is, itself, a "brand." G6 admits that some Motel 6® properties are owned and operated by G6 and some are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied, G6 denies all allegations in paragraph 11 .

    a.   G6 admits that some Motel 6® properties are owned and operated by G6 and some are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 11(a).

    b.   G6 admits that the contractual relationship between G6 and the independent owners of some Motel 6® branded hotels, including the Motel 6® branded facility located at 2951 Valley Avenue, Winchester, VA ("Winchester Motel 6") and the Motel 6® branded facility located at 401 Warrenton Rd., Fredericksburg, VA ("Fredericksburg Motel 6"), are governed by franchise agreements that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. G6 further admits that it owned and operated  the property previously branded as Motel 6® located at 2076 Cedar Creek Rd, in Fayetteville, North Carolina ("Fayetteville Motel 6") during the time period of 2017 through 2018. Except as expressly admitted or denied, G6 denies the allegations of paragraph 11(b).

289290547.3

    c.    G6 admits that it considers guest safety and security important and requires Motel 6® branded properties to comply with certain brand standards as well as all applicable laws.  G6 further admits that the contractual relationship between G6 and the independent owners of some Motel 6® branded hotels, including the Winchester Motel 6 and the Fredericksburg Motel 6, are governed by franchise agreements that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. Except as expressly admitted, G6 denies the allegations in paragraph 11(c).

    d.    Paragraph 11(d) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies the allegations of paragraph 11(d).

    e.    G6 admits that the contractual relationship between G6 and the independent owners of some Motel 6® branded hotels, including the Winchester Motel 6 and the Fredericksburg Motel 6, are governed by franchise agreements that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. G6 further admits that it owned and operated the Fayetteville Motel 6 during the time period of 2017 through 2018. Except as expressly admitted or denied, G6 denies all remaining allegations of paragraph 11(e).

    f.    G6 admits that the contractual relationship between G6 and the independent owners of some Motel 6® branded hotels, including the Winchester Motel 6 and the Fredericksburg Motel 6, are governed by franchise agreements that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. G6 further admits that it owns and operates some Motel 6® branded properties not at issue in Plaintiff's Complaint. G6 further admits that it owned and operated the Fayetteville Motel 6 during the time period of 2017 through 2018. Except as expressly admitted, G6 denies the

4

allegations of paragraph 11(f).

g.     The allegations of paragraph 11(g) consist of conclusions of law and legal arguments to which no response is required. To the extent a response by G6 is required, G6 does not dispute the jurisdiction of this Court as it relates solely to this action. To the extent a further response by G6 is required, G6 denies all of the allegations of paragraph 11(g).

12.     Paragraph 12 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 12 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 concerning Hospitality International and, on that basis, denies them.

## JURISDICTION AND VENUE

13.     Paragraph 13 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 does not dispute the subject matter jurisdiction of this Court over this lawsuit. Except as expressly admitted, G6 denies the allegations of paragraph 13.

14.     Paragraph 14 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 does not dispute that venue is proper. Except as expressly admitted, G6 denies the allegations in paragraph 14.

## SEX TRAFFICKING UNDER FEDERAL LAW

15.     Paragraph 15 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 is a federal statute that speaks for itself.  G6 denies all characterizations of such statute that are inconsistent therewith.

16.     Paragraph 16 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. §§ 1589 and

5

1590 are federal statutes that speak for themselves.  G6 denies all characterizations of such statutes that are inconsistent therewith.

17.    Paragraph 17 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 22 U.S.C. § 7102 and 18 U.S.C. § 1591 are federal statutes that speak for themselves.  G6 denies all characterizations of such statutes that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations of paragraph 17

18.    Paragraph 18 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that 18 U.S.C. § 1591(a) is a federal statute that speaks for itself.  G6 denies all characterization of such statute that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations of paragraph 18.

**FACTUAL ALLEGATIONS[1]**

19.    Paragraph 19 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the cited articles[2] are documents that speak for themselves.  G6 denies all characterizations of such articles that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 and, on that basis, denies them.

20.    Paragraph 20 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth

---

[1] This Answer omits the subheadings from the Complaint, as they are not allegations to which a response is required.  To the extent such subheadings are deemed to require a response, G6 denies each and every one, including, with respect to those subheadings concerning Hospitality International, Inc., on the basis that G6 lacks sufficient knowledge or information to form a belief as to their truth.

[2] To the extent the Polaris Project publication cited in footnote 5 of the Complaint and the material purporting to quote therefrom are deemed allegations to which a response is required, G6 admits that this publication is a document that speaks for itself, and G6 denies any characterization of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the quoted material and, on that basis, denies it.

289290547.3

of the allegations in paragraph 20 and, on that basis, denies them.

21.     Paragraph 21 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the undergraduate student thesis cited in paragraph 21 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  G6 further denies all of the allegations of paragraph 21 as they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 as they pertain to any other hospitality companies and, on that basis, denies them.

22.     Paragraph 22 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris Project publication cited in paragraph 22 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, denies them.

23.     Paragraph 23 consists of argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 23 to the extent they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 and, on that basis, denies them.

24.     Paragraph 24 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the undergraduate student thesis cited in paragraph 24 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies them.

25.     Paragraph 25 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the article cited in paragraph 25 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. G6

289290547.3

further denies all allegations in paragraph 25 to the extent they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, denies them.

26.     Paragraph 26 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris Project publication cited in paragraph 26 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  G6 further denies all allegations in paragraph 26 to the extent they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 and, on that basis, denies them.

27.     Paragraph 27 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, denies them.

28.     Paragraph 28 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the duties of hotel and motel operators are set forth in statutes and legal opinions that speak for themselves, and G6 denies any characterizations of such documents that are inconsistent therewith.  G6 further admits that the quoted material set forth in paragraph 28 appears in a student thesis authored by an undergraduate student at Cornell University.  The thesis is a document that speaks for itself and G6 denies all characterizations of such document that are inconsistent therewith, including, without limitation, Plaintiff's characterization of the document as a "publication by Cornell University."  Except as expressly admitted, G6 denies all of the allegations in paragraph 28.

29.     Paragraph 29 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the trainings and toolkits referenced in paragraph 29 are documents that speak for themselves.  G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly admitted, G6 denies all of the allegations of paragraph 29.

289290547.3

30.     Paragraph 30 consists of argument to which no response is required.   To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies them.

31.     Paragraph 31 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the academic publication cited in paragraph 31 is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 and, on that basis, denies them.

32.     Paragraph 32 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits the undergraduate student thesis cited in paragraph 32 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, on that basis, denies them.

33.     Paragraph 33 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the law review article cited in paragraph 33 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

34.     Paragraph 34 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies the allegations in paragraph 34 as they pertain to G6.To the extent a further response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 concerning the hospitality industry as a whole and, on that basis, denies them.

35.     Paragraph 35 consists of arguments to which no response is required.  To the extent

a response is required, G6 admits that the news article cited in paragraph 35 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and, on that basis, denies them.

36.     Paragraph 36 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the investor recommendations related to the London Olympics cited in paragraph 36 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, denies them.

37.     Paragraph 37 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the  Marriott International Inc. Policy Statement  cited in paragraph 37 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, denies them.

38.     Paragraph 38 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the  Inter-Continental Hotel Group statement cited in paragraph 38 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies them.

39.     Paragraph 39 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the Inter-Continental Hotel Group statement cited in paragraph 39 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient

289290547.3

knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies them.

40.     Paragraph 40 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the Choice Hotels statement cited in paragraph 40 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, denies them.

41.     Paragraph 41 consists of arguments to which no response is required. To the extent a response is required, G6 admits that the Department of Homeland Security publications cited in paragraph 41 are documents that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies them.

42.     Paragraph 42 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 42 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42 as to any other hospitality companies and, on that basis, denies them.

43.     Paragraph 43 consists of argument to which no response is required. To the extent a response is required, G6 admits that its contractual relationship with the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are governed by franchise agreements that speak for themselves and G6 denies all characterizations of such documents that are inconsistent therewith. G6 denies that it is, itself, a "brand." Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 43 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43 as they pertain to Hospitality International and, on that basis, denies them.

44.     Paragraph 44 consists of argument to which no response is required. To the extent a response is required, G6 admits that its contractual relationship with the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are governed by franchise agreements that speak for themselves and G6 denies all characterizations of such documents that are inconsistent therewith. G6 denies that it is, itself, a "brand." Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 44 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 as they pertain to Hospitality International and, on that basis, denies them.

45.     Paragraph 45 consists of argument to which no response is required.  To the extent a response is required, G6 admits that its contractual relationship with the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are governed by franchise agreements that speak for themselves and G6 denies all characterizations of such documents that are inconsistent therewith. G6 further admits that the cited magazine article is a document that speaks for itself, and denies all characterizations of such document that is inconsistent therewith. G6 further denies that it is, itself, a "brand." Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 45 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45 as they pertain to Hospitality International and, on that basis, denies them.

46.     Paragraph 46 consists of argument to which no response is required. To the extent a response is required, G6 admits that its contractual relationship with the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are governed by franchise agreements that speak for themselves and G6 denies all characterizations of such documents that are inconsistent therewith. G6 denies that it is, itself, a "brand."  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 46 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 46 as they pertain to Hospitality International and, on that basis, denies them.

47.     Paragraph 47 consists of argument to which no response is required. To the extent

a response is required, G6 admits that its contractual relationship with the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are governed by franchise agreements that speak for themselves and G6 denies all characterizations of such documents that are inconsistent therewith. G6 denies that it is, itself, a "brand."  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 47 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47 as they pertain to Hospitality International and, on that basis, denies them.

48.     Paragraph 48 consists of argument to which no response is required. To the extent a response is required, G6 admits that during the time period of 2017 through 2018 some Motel 6® properties were owned and operated by G6 and some were independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 48 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48 as they pertain to Hospitality International and, on that basis, denies them.

49.     Paragraph 49 consists of argument to which no response is required. To the extent a response is required, G6 admits that its contractual relationship with the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are governed by franchise agreements that speak for themselves and G6 denies all characterizations of such documents that are inconsistent therewith. G6 denies that it is, itself, a "brand."  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 49 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49 as they pertain to Hospitality International and, on that basis, denies them.

50.     G6 denies all of the allegations in paragraph 50 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50 as they pertain to Hospitality International and, on that basis, denies them.

289290547.3

51.     Paragraph 51 and its subparts consist of allegations directed towards Hospitality International to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 or its subparts and, on that basis, denies them.

52.     Paragraph 52 (exclusive of subparts) contains no allegations to which a response is required.  To the extent a response is required, G6 denies all allegations in paragraph 52.

    a.  Paragraph 52(a) (exclusive of any subparts) contains no allegations to which a response is required.   To the extent a response is required, G6 denies all allegations in paragraph 52(a).

      i.  G6 admits that the contractual relationship between G6 and the current owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are set forth in franchise agreements that speak for themselves, and G6 denies all characterizations of such documents that are inconsistent therewith. G6 denies that it currently owns, supervises, operates, or establishes policies for the Fayetteville Motel 6. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 52(a)(i).

      ii.  G6 denies all of the allegations of paragraph 52(a)(ii).

      iii.  G6 denies all of the allegations of paragraph 52(a)(iii).

      iv.  Paragraph 52(a)(iv) consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. G6 further admits that it owned and operated the Fayetteville Motel 6 during the time period  2017 through 2018. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 52(a)(iv).

289290547.3

v.   G6 admits that the contractual relationship between G6 and the owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are set forth in franchise agreements that speak for themselves, and G6 denies all characterizations of such documents that are inconsistent therewith. G6 admits that it owned and operated the Fayetteville Motel 6 during the time period of 2017 through 2018. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 52(a)(v).

vi.   Paragraph 52(a)(vi) consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations in paragraph 52(a)(vi).

vii.   Paragraph 52(a)(vii)and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 52(a)(vii) (including all subparts).

viii.   G6 admits that the article Plaintiff quotes in paragraph 52(a)(viii) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 52(a)(viii).

ix.   G6 admits that the material quoted in paragraph 52(a)(ix) appears in a purported review on tripadvisor.com, which is a document that speaks for itself.   G6 all characterizations of such document that are inconsistent therewith. G6 lacks sufficient knowledge or information to form a belief as to the authenticity of the review or the truth of any matters purportedly asserted therein, and on that basis denies them. Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 52(a)(ix).

1.   G6 admits that the Vanity Fair article cited in paragraph 52(a)(ix)(1) is a document that speaks for itself.  G6 denies all characterizations

of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(1) and, on that basis, denies them.

2.   G6 admits that the article cited in paragraph 52(a)(ix)(2) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(2) and, on that basis, denies them.

3.   G6 admits that the article cited in paragraph 52(a)(ix)(3) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(3) and, on that basis, denies them.

4.   G6 admits that the article cited in paragraph 52(a)(ix)(4) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(4) and, on that basis, denies them.

5.   G6 admits that the article cited in paragraph 52(a)(ix)(5) is a document that speaks for itself.   G6 denies all characterizations of such document that are inconsistent therewith.   Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in

16

paragraph 52(a)(ix)(5) and, on that basis, denies them.

6. G6 admits that the article cited in paragraph 52(a)(ix)(6) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(6) and, on that basis, denies them.

7. G6 admits that the article cited in paragraph 52(a)(ix)(7) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(7) and, on that basis, denies them.

8. G6 admits that the article cited in paragraph 52(a)(ix)(8) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(8) and, on that basis, denies them.

9. G6 admits that the article cited in paragraph 52(a)(ix)(9) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(9) and, on that basis, denies them.

10. G6 admits that the article cited in paragraph 52(a)(ix)(10) is a document that speaks for itself.  G6 denies all characterizations of

289290547.3

such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(10) and, on that basis, denies them.

11. G6 admits that the article cited in paragraph 52(a)(ix)(11) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(11) and, on that basis, denies them.

12. G6 admits that the article cited in paragraph 52(a)(ix)(12) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(12) and, on that basis, denies them.

13. G6 admits that the article cited in paragraph 52(a)(ix)(13) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(13) and, on that basis, denies them.

14. G6 admits that the article cited in paragraph 52(a)(ix)(14) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in

paragraph 52(a)(ix)(14) and, on that basis, denies them.

15. G6 admits that the article cited in paragraph 52(a)(ix)(15) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(15) and, on that basis, denies them.

16. G6 admits that the article cited in paragraph 52(a)(ix)(16) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(16) and, on that basis, denies them.

17. G6 admits that the article cited in paragraph 52(a)(ix)(17) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(17) and, on that basis, denies them.

18. G6 admits that the article cited in paragraph 52(a)(ix)(18) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(18) and, on that basis, denies them.

19. G6 admits that the article cited in paragraph 52(a)(ix)(19) is a document that speaks for itself.  G6 denies all characterizations of

such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(19) and, on that basis, denies them.

20. G6 admits that the article cited in paragraph 52(a)(ix)(20) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(20) and, on that basis, denies them.

21. G6 admits that the article cited in paragraph 52(a)(ix)(21) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(21) and, on that basis, denies them.

22. G6 admits that the article cited in paragraph 52(a)(ix)(22) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(22) and, on that basis, denies them.

23. G6 admits that the article cited in paragraph 52(a)(ix)(23) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in

289290547.3

paragraph 52(a)(ix)(23) and, on that basis, denies them.

24. G6 admits that the article cited in paragraph 52(a)(ix)(24) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(24) and, on that basis, denies them.

25. G6 admits that the article cited in paragraph 52(a)(ix)(25) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(25) and, on that basis, denies them.

26. G6 admits that the article cited in paragraph 52(a)(ix)(26) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(26) and, on that basis, denies them.

27. G6 admits that the article cited in paragraph 52(a)(ix)(27) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(27) and, on that basis, denies them.

28. G6 admits that the article cited in paragraph 52(a)(ix)(28) is a document that speaks for itself.  G6 denies all characterizations of

such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(28) and, on that basis, denies them.

29. G6 admits that the article cited in paragraph 52(a)(ix)(29) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(29) and, on that basis, denies them.

30. G6 admits that the article cited in paragraph 52(a)(ix)(30) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(30) and, on that basis, denies them.

31. G6 admits that the article cited in paragraph 52(a)(ix)(31) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(31) and, on that basis, denies them.

32. G6 admits that the article cited in paragraph 52(a)(ix)(32) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in

paragraph 52(a)(ix)(32) and, on that basis, denies them.

33. G6 admits that the article cited in paragraph 52(a)(ix)(33) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(33) and, on that basis, denies them.

34. G6 admits that the article cited in paragraph 52(a)(ix)(34) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(34) and, on that basis, denies them.

35. G6 admits that the article cited in paragraph 52(a)(ix)(35) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(35) and, on that basis, denies them.

36. G6 admits that the article cited in paragraph 52(a)(ix)(36) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(36) and, on that basis, denies them.

37. G6 admits that the article cited in paragraph 52(a)(ix)(37) is a document that speaks for itself. G6 denies all characterizations of

289290547.3

such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(37) and, on that basis, denies them.

38. G6 admits that the article cited in paragraph 52(a)(ix)(38) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(38) and, on that basis, denies them.

39. G6 admits that the article cited in paragraph 52(a)(ix)(39) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(39) and, on that basis, denies them.

40. G6 admits that the article cited in paragraph 52(a)(ix)(40) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(40) and, on that basis, denies them.

41. G6 admits that the article cited in paragraph 52(a)(ix)(41) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in

289290547.3

paragraph 52(a)(ix)(41) and, on that basis, denies them.

42. G6 admits that the article cited in paragraph 52(a)(ix)(42) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(42) and, on that basis, denies them.

43. G6 admits that the article cited in paragraph 52(a)(ix)(43) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(43) and, on that basis, denies them.

44. G6 admits that the article cited in paragraph 52(a)(ix)(44) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(44) and, on that basis, denies them.

45. G6 admits that the article cited in paragraph 52(a)(ix)(45) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(45) and, on that basis, denies them.

46. G6 admits that the article cited in paragraph 52(a)(ix)(46) is a document that speaks for itself. G6 denies all characterizations of

289290547.3

such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(46) and, on that basis, denies them.

47. G6 admits that the article cited in paragraph 52(a)(ix)(47) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(47) and, on that basis, denies them.

48. G6 admits that the article cited in paragraph 52(a)(ix)(48) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(48) and, on that basis, denies them.

49. G6 admits that the article cited in paragraph 52(a)(ix)(49) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(49) and, on that basis, denies them.

50. G6 denies all of the allegations in paragraph 52(a)(ix)(50).

51. G6 denies all of the allegations in paragraph 52(a)(ix)(51).

52. G6 admits that the article cited in paragraph 52(a)(ix)(50) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly

admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(52) and, on that basis, denies them.

53. G6 admits that the article cited in paragraph 52(a)(ix)(53) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(53) and, on that basis, denies them.

54. G6 admits that the article cited in paragraph 52(a)(ix)(54) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 52(a)(ix)(54) and, on that basis, denies them.

53.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, denies them.

54.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, denies them.

55.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55 and, on that basis, denies them.

56.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 and, on that basis, denies them.

57.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, denies them.

58.   G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and, on that basis, denies them.

289290547.3

59.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

60.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 and, on that basis, denies them.

61.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61 and, on that basis, denies them.

62.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, denies them.

63.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, denies them.

64.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64 and, on that basis, denies them.

65.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 and, on that basis, denies them.

66.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and, on that basis, denies them.

67.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67 and, on that basis, denies them.

68.     Paragraph 68 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 68 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations as they pertain to Hospitality International and, on that basis, denies them.

69.     G6 denies all of the allegations in paragraph 69 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations as they pertain to Hospitality International and, on that basis, denies them.

70.     Paragraph 70 consists of conclusions of law and legal arguments to which no

28

response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 70 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 70 as they pertain to Hospitality International and, on that basis, denies them.

71.     G6 denies all of the allegations of paragraph 71 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 71 as they pertain to Hospitality International and, on that basis, denies them.

72.     G6 denies all of the allegations of paragraph 72 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 72 as they pertain to Hospitality International and, on that basis, denies them.

73.     G6 denies all of the allegations of paragraph 73 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 73 as they pertain to Hospitality International and, on that basis, denies them.

74.     G6 denies all of the allegations of paragraph 74 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 74 as they pertain to Hospitality International and, on that basis, denies them.

75.     G6 denies all of the allegations of paragraph 75 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 75 as they pertain to Hospitality International and, on that basis, denies them.

76.     G6 denies all of the allegations of paragraph 76 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 76 as they pertain to Hospitality International and, on that basis, denies them.

77.     G6 denies all of the allegations of paragraph 77 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 77 as they pertain to Hospitality International and, on that basis, denies them.

78.     G6 denies all of the allegations of paragraph 78 as they pertain to G6.  G6 lacks

sufficient knowledge or information to form a belief as to the allegations of paragraph 78 as they pertain to Hospitality International and, on that basis, denies them.

79.     G6 denies all of the allegations of paragraph 79 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 79 as they pertain to Hospitality International and, on that basis, denies them.

80.     G6 denies all of the allegations of paragraph 80 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 80 as they pertain to Hospitality International and, on that basis, denies them.

81.     G6 denies all of the allegations of paragraph 81 (including all subparts) as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 81 as they pertain to Hospitality International and, on that basis, denies them.

82.     G6 denies all of the allegations of paragraph 82 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 82 as they pertain to Hospitality International and, on that basis, denies them.

## CAUSES OF ACTION

### A.     COUNT ONE – 18 U.S.C. §1595 ("TVPRA")

83.     G6 incorporates its responses to paragraphs 1 through 82 by reference as though fully set forth herein.

84.     Paragraph 84 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 84 and, on that basis, denies them.

85.     Paragraph 85 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 85 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 85 as they pertain to Hospitality International and, on that basis, denies them.

289290547.3

86.     Paragraph 86 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 86 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 86 as they pertain to Hospitality International and, on that basis, denies them.

87.     Paragraph 87 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 87 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 87 as they pertain to Hospitality International and, on that basis, denies them.

### B.     COUNT TWO – NEGLIGENCE

88.     G6 incorporates its responses to paragraphs 1 through 87 by reference as though fully set forth herein.

89.     Paragraph 89 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 89 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 89 as to Hospitality International and, on that basis, denies them.

90.     Paragraph 90 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 90 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 as they pertain to Hospitality International and, on that basis, denies them.

91.     Paragraph 91 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 91 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91 as they pertain to Hospitality International and,

on that basis, denies them.

92.     Paragraph 92 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 92 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 92 as they pertain to Hospitality International and, on that basis, denies them.

93.     Paragraph 93 and its subparts consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 93 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 93 or its subparts as they pertain to Hospitality International and, on that basis, denies them.

94.     Paragraph 94 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 94 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 as they pertain to Hospitality International and, on that basis, denies them.

95.     Paragraph 95 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 95 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 as they pertain to Hospitality International and, on that basis, denies them.

96.     Paragraph 96 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 96 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 as they pertain to Hospitality International and, on that basis, denies them.

97.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the

allegations of paragraph 97 and, on that basis, denies them.

98.     Paragraph 98 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 98 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 as they pertain to Hospitality International and, on that basis, denies them.

##     C.     COUNT THREE – NEGLIGENT SUPERVISION AND TRAINING

99.     G6 incorporates its responses to paragraphs 1 through 98 by reference as though fully set forth herein.

100.     Paragraph 100 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations of paragraph 100 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of any of the allegations of paragraph 100 as they pertain to Hospitality International and, on that basis, denies them.

101.     Paragraph 101 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that, during the time period 2017 through 2018, it employed staff at the Fayetteville Motel 6. G6 admits that the contractual relationship between G6 and the owners and/or operators of the Winchester Motel 6 and the Fredericksburg Motel 6 are set forth in franchise agreements, which are documents that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. Except as expressly admitted, G6 denies all remaining allegations of paragraph 101 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of any of the allegations of paragraph 101 as they pertain to Hospitality International and, on that basis, denies them.

102.     Paragraph 102 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 102 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief

33

as to the truth of the allegations in paragraph 102 as they pertain to Hospitality International and, on that basis, denies them.

103.    Paragraph 103 and its subparts consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 103 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 103 or its subparts as they pertain to Hospitality International and, on that basis, denies them.

104.    Paragraph 104 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 104 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 as they pertain to Hospitality International and, on that basis, denies them.

105.    Paragraph 105 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 105 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 105 as they pertain to Hospitality International and, on that basis, denies them.

106.    Paragraph 106 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 106 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106 as they pertain to Hospitality International and, on that basis, denies them.

107.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 107 and, on that basis, denies them.

108.    Paragraph 108 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 108 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief

as to the truth of the allegations paragraph 108 as they pertain to Hospitality International and, on that basis, denies them.

### D.      COUNT FOUR – UNJUST ENRICHMENT

109.    G6 incorporates its responses to paragraphs 1 through 108 by reference as though fully set forth herein.

110.    Paragraph 110 and its subparts consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 110 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 110 or its subparts as they pertain to Hospitality International and, on that basis, denies them.

111.    Paragraph 111 and its subparts consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 111 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 111 or its subparts as they pertain to Hospitality International and, on that basis, denies them.

### PRAYER FOR RELIEF

G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

*      *      *

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.    The Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Superseding or Intervening Acts)

2.    The Complaint, and each cause of action set forth therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the

superseding and/or intervening acts of parties over whom G6 had no right of control.

## Third Affirmative Defense

### (Fault of Third Parties/Apportionment of Fault)

3.      The Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than G6, including other parties in this case and/or third parties such as Plaintiff's alleged trafficker, under the principles of proportionate responsibility, contributory negligence, equitable allocation, recoupment, set-off, and/or comparative fault.

## Fourth Affirmative Defense

### (Statutes Vague and Ambiguous)

4.      The Complaint, and each cause of action asserted therein, is barred in whole or in part because the statute sued upon is unconstitutionally vague and ambiguous.

## Fifth Affirmative Defense

### (Failure to Mitigate Damages)

5.      The Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

## Sixth Affirmative Defense

### (No Vicarious Liability)

6.      The Complaint is barred in whole or in part because the alleged acts or omissions, if any, were not committed by agents or employees of G6 or, alternatively, were not committed within the scope of employment or authority conferred by G6 nor subsequently ratified by G6.

## Seventh Affirmative Defense

### (No Punitive Damages)

7.      The Complaint, and each cause of action set forth therein, fails to establish that any punitive damages are authorized or warranted under Virginia law or North Carolina law, or that

289290547.3

G6 acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

## **Eighth Affirmative Defense**

### (Pre-Enactment Activity)

8.    The Complaint, and each cause of action asserted therein, is barred in whole or in part to the extent the alleged conduct took place before the statute sued upon was enacted.

## **Eighth Affirmative Defense**

### (Statute of Limitations)

9.    The Complaint, and each cause of action asserted therein, is barred in whole or in part by applicable statutes of limitations.

## **Ninth Affirmative Defense**

### (Reservation)

10.    G6 expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

## **PRAYER FOR RELIEF**

WHEREFORE, G6 prays for judgment as follows:

1.  That Plaintiff's Complaint be dismissed with prejudice;

2.  That Plaintiff take nothing by her Complaint;

3.  That judgment be rendered in G6's favor;

4.  That G6 be awarded all costs of suit incurred herein; and

5.  That the Court award such other and further relief as it deems just and proper.


Dated:  February 7, 2020            DLA PIPER LLP (US)


                                    By: */s Mary E. Gately*_____
                                    Mary E. Gately, Esq. (VSB No. 28845)
                                    DLA Piper LLP (US)

500 8th Street, NW
Washington, DC, 20004
(T) 202-799-4507
(F) 202-799-5507 (fax)
mary.gately@dlapiper.com

Angela C. Agrusa (*admitted pro hac vice*)
Shannon E. Dudic (*admitted pro hac vice*)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California  90067-4704
Tel:  310.595.3000
Fax:  310.595.3300
Email:  angela.agrusa@us.dlapiper.com
Email:  shannon.dudic@us.dlapiper.com

*Attorneys for Defendant*
*G6 HOSPITALITY LLC*

38